# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SYLVESTER RIDEAU, JR, CDCR #K-32522,<br><br>Plaintiff,<br><br>vs.<br><br>TIM OCHOA; LARRY SMALL; G.J. JANDA; C. BUTLER; J. MUDRA; KATRINA BALL; DEXTER BELL; J. MAGNER; S. NIZAMANI; STATE OF CALIFORNIA,<br><br>Defendants. | Civil No.   10cv0594 IEG (PCL)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6); and**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO SERVE DEFENDANTS MUDRA AND SMALL**<br><br>**[Doc. Nos. 29, 40]** |

## I.

### PROCEDURAL HISTORY

In this prisoner civil rights case, Gregory Rideau, Jr. ("Plaintiff"), is proceeding in pro se and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a). Defendants Ball, Janda, Ochoa, Bell, Butler, Magner, Nizamani and the State of California have filed a Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No 29]. Plaintiff filed his Opposition on July 15, 2010 but Defendants have not filed a reply. In addition,

Plaintiff has filed a letter with the Court [Doc. No. 31], a Declaration [Doc. No. 36], and a "Motion to Serve Defendants Mudra and Small" [Doc. No. 40].

The Court has determined that both Plaintiff and Defendants' Motion are suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Peter C. Lewis is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.

### PLAINTIFF'S CORRESPONDENCE AND DECLARATION

On July 9, 2010 and July 28, 2010, Plaintiff filed a letter with the Court, along with a Declaration, in which he claims he is being retaliated against for filing this lawsuit. These claims cannot be brought or considered by this Court because they involve claims that arose *after* Plaintiff initiated this action. Any new claims are subject to the Prison Litigation Reform Act's ("PLRA") exhaustion requirement. The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). 42 U.S.C. § 1997e(a) has been construed broadly to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case, *id.* at 525-26, and to encompass inmate suits about both general circumstances and particular episodes of prison life--including incidents of alleged excessive force. *Id.* at 532. Finally, "[t]he 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001); *see also McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding that prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted available administrative remedies *before* he filed suit, even if he fully exhausts while the suit is pending).

/ / /

/ / /

Thus, the Court cannot consider or make any rulings with respect to the merits of the new claims Plaintiff seeks to bring to this Court's attention through his correspondence and Declaration. Any new claims must be brought in a separate action once Plaintiff has properly exhausted his available administrative remedies.

## II.

## FACTUAL BACKGROUND

Plaintiff, an inmate currently housed at Calipatria State Prison ("CAL"), alleges that he suffers from a physical disability known as "obstructive sleep apnea." *See* Compl. at 5. As a result of this disability, Plaintiff claims that he is a "qualified individual" under the Americans with Disabilities Act ("ADA"). On September 3, 2009, Plaintiff submitted a "Reasonable Modification or Accommodation Request" form which is also known as a "CDC 1824" form. *Id.* at 9. Plaintiff requested that his disability be accommodated by housing Plaintiff in a single cell, as well as having access to electrical outlets in order for him to use his "continuous positive airway pressure ("CPAP") machine." *Id.* This grievance was later converted into a "regular CDCR 602 grievance" by Defendant Bell that was endorsed by Defendant Ochoa. *Id.* at 6-7. On October 28, 2009, Defendant Mudra interviewed Plaintiff with regard to his now "regular" grievance. *Id.* at 10. Defendant Mudra denied Plaintiff's request for a single cell. *Id.*

In addition to filing grievances, Plaintiff alleges that he "apprised" Defendant Larry Small[1] of the issues regarding his need for a single cell and informed him that prison doctors have "purposely withheld" his CPAP machine. *Id.* at 9. Plaintiff was examined by Defendant Ball, a prison doctor, whom he alleges informed "Correctional Staff Captain Stratton that Plaintiff should not be accommodated with a single cell for use of his CPAP machine." *Id.* at 12. Plaintiff claims that his sleep apnea "exacerbates Plaintiff's hypertension." *Id.* As a result, Plaintiff continues to experience "chest pain, anxiety attacks, and headaches." *Id.* On September 5, 2009, Plaintiff was moved to a double cell by Defendant Ochoa which prevented Plaintiff from being able to use his CPAP machine. *Id.* Plaintiff alleges that Defendants Janda

---

[1] A review of the Court's docket indicates that Defendant Small has not been properly served in this matter and therefore has not yet appeared in this action.

1 | and Butler also violated his constitutional rights when they continued to house him in a double
2 | cell knowing that Plaintiff's physical disability has caused him to have tension with other
3 | cellmates. *Id.*

4 | On February 24, 2010, Plaintiff was "finally provided a 'medical classification chrono'
5 | for permanent electrical access" which allows him use of his CPAP machine, although he
6 | remains housed in a double cell. *Id.* at 10.

## III.

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)

Defendants Ball, Janda, Ochoa, Bell, Butler, Magna, Nizamani and the State of California move to dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) contending that: (1) the State of California is immune from money damages under the Eleventh Amendment; (2) Plaintiff has failed to state a claim against Defendants Bell and Mudra; (3) Plaintiff has failed to state an Eighth Amendment claim; and (4) Plaintiff has failed to state a claim under the Americans with Disabilities Act ("ADA").

### A.     FED.R.CIV.P. 12(b)(6) Standard of Review

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009).

///

///

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

**B.     Eleventh Amendment**

Defendant State of California moves to dismiss all claims for money damages brought by Plaintiff. To the extent Plaintiff seeks to sue the State of California for money damages pursuant to 42 U.S.C. § 1983, his claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (finding suit against state Board of Corrections barred by the Eleventh Amendment). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 100-01 (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933) ("Expressly applying to suits in equity as well as at law, the [Eleventh] Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State")).

Accordingly, the Court **GRANTS** Defendant State of California's Motion to Dismiss Plaintiff's monetary damages as barred by the Eleventh Amendment pursuant to FED.R.CIV.P. 12(b)(6).

**C.     Fourteenth Amendment claims against Defendants Bell and Mudra**

Defendants move for dismissal of Plaintiff's Fourteenth Amendment due process claims against Defendants Bell and Mudra. Defendant Mudra has not been properly served in this matter and does not appear to be represented by counsel for the remaining Defendants. However, because Plaintiff is proceeding *in forma pauperis*, the Court has the authority to determine whether he has stated a claim against Defendant Mudra pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's claims that Defendants Bell and Mudra violated his right to due process

under the Fourteenth Amendment when they converted the grievance he brought under the ADA into a "regular" CDCR 602 grievance.

The procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. *Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997). The Ninth Circuit has held that prisoners have no protected property interest in an inmate grievance procedure. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process claim of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"). A prisoner may only challenge a state action which does not restrain a [constitutionally] protected liberty interest if that state action "nonetheless imposes some 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Neal*, 131 F.3d at 827-28.

Here, Plaintiff pleads no facts to suggest how Bell and Mudra's allegedly inadequate review and consideration of his ADA and inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-484. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims against Defendants Bell pursuant to FED.R.CIV.P. 12(b)(6) and **DISMISSES** Plaintiff's claims against Defendant Mudra pursuant to 28 U.S.C. § 1915(e)(2).

### D. Eighth Amendment claims

Defendants also seek dismissal of Plaintiff's Eighth Amendment claims on the grounds that Plaintiff allegations that Defendants refuse to give him a single cell is a mere disagreement with their medical opinion. *See* Defs.' Mot. at 6.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)

1  (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). Before it can
2  be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs
3  must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support
4  this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980)
5  (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). "[A] complaint that a physician has been
6  negligent in diagnosing or treating a medical condition does not state a valid claim of medical
7  mistreatment under the Eighth Amendment. Medical malpractice does not become a
8  constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see*
9  *also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995).

10  A prison official does not act in a deliberately indifferent manner unless the official
11  "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511
12  U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny,
13  delay or intentionally interfere with medical treatment," or in the manner "in which prison
14  physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992),
15  *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)
16  (en banc). Where a prisoner alleges delay in receiving medical treatment, he must show that the
17  delay led to further harm. *Id.* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*,
18  766 F.2d 404, 407 (9th Cir. 1985)).

19  Here, Defendants argue that "the simple fact of the matter is that Plaintiff disagrees with
20  his doctors and with Defendants over whether his medical condition requires him to be single
21  celled." Defs.' Mot. at 7. This argument only partially relates to Plaintiff's Eighth Amendment
22  claim. Plaintiff's Eighth Amendment claim involves more than the single cell issue and is not
23  fully addressed in Defendants' moving papers. Plaintiff alleges that several of the Defendants,
24  including Defendant Ball, intentionally denied him access to his breathing machine that has led
25  to exacerbation of his high blood pressure, along with "chest pain, anxiety attacks and
26  headaches." Compl. at 7, 12. Defendants fail to argue that Plaintiff did not have a serious
27  medical need and they failed to address the alleged denial of medical equipment used to treat
28  Plaintiff's medical condition. Thus, at this stage, Defendants' Motion to Dismiss Plaintiff's

Eighth Amendment claims is **DENIED** pursuant to FED.R.CIV.P. 12(b)(6).

### E. Americans with Disabilities Act

The Americans with Disabilities Act, 42 U.S.C. § 12132, applies in the prison context. *See* 42 U.S.C. § 12131(1)(B); *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206 (1998) (holding that state prisons fall squarely within the ADA's Title II's statutory definition of "public entity," which includes "any ... instrumentality of a State ... or local government.")

In order to state a claim under Title II of the ADA, however, a plaintiff must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)). Punitive damages are not available in private suits brought under § 202 of the ADA (prohibiting discrimination against the disabled by public entities). *Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *Mark H. v. Lemahieu*, 513 F.3d 922, 930 (9th Cir. 2008).

Defendants argue that "many courts have held that sleep apnea is not a disability under the ADA." Defs.' Mot. at 7 (citing *Blue v. Scavetta*, 372 Fed.Appx. 754 (9th Cir. 2010)). This was not the holding of the unpublished decision cited by Defendants. This case merely affirmed a finding of the lower court that the plaintiff had not raised a triable issue of fact on summary judgment. There was no holding that sleep apnea is not a disability.

One definition of a "disability" under the ADA is "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(2)(A). Sleep has been held to be a "major life activity." *See McAlindin v. County of San Diego*, 192 F.3d 1226, 1233-34 (9th Cir. 1999). Thus, because the Court must rely solely on the claims set forth by Plaintiff, the Court finds that Plaintiff has adequately alleged that he has a

1 | physical disability that impairs a major life activity. Whether Plaintiff would be able to prove
2 | this claim or Defendants would be able to prove otherwise is better suited by providing a fully
3 | developed record.

4 | However, in order to adequate allege an ADA claim, Plaintiff must also be able to allege
5 | facts sufficient to show that he was discriminated against *because* of his physical disability.
6 | Plaintiff has alleged no facts that support his claim that he was denied a single cell or medical
7 | treatment because of his physical disability. *See Simmons v. Navajo County, Ariz.* 609 F.3d
8 | 1011, 1022 (9th Cir. 2010).

9 | Thus, Defendants' Motion to Dismiss Plaintiff's ADA claims is **GRANTED** pursuant
10 | to FED.R.CIV.P. 12(b)(6).

11 | **IV.**

12 | **PLAINTIFF'S MOTION TO SERVE DEFENDANTS SMALL AND MUDRA**

13 | In addition, Plaintiff has filed a "Motion to Serve Defendants Mudra and Small" [Doc.
14 | No. 40]. A review of the Court's docket indicates that these Defendants have yet to be served
15 | in this action. While the claims against Defendant Mudra are currently dismissed, Plaintiff will
16 | be given the opportunity to correct the deficiencies of pleading by filing an Amended Complaint.

17 | In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the
18 | court, shall serve the summons and the complaint. FED.R.CIV.P. 4(c)(3); 28 U.S.C. § 1915(d).
19 | "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S.
20 | Marshal for service of the summons and complaint and ... should not be penalized by having his
21 | action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed
22 | to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett*,
23 | 912 F.2d at 275), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So
24 | long as the prisoner has furnished the information necessary to identify the defendant, the
25 | marshal's failure to effect service is 'automatically good cause....'" *Walker*, 14 F.3d at 1422
26 | (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). Here, because Plaintiff
27 | has not yet been able to ascertain the proper location where Defendants Small and Mudra may
28 | now be served, he must remedy the situation or face dismissal of his claims against them. *See*

*Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, as long as Defendants Small and Mudra are currently employed by the CDCR and/or their forwarding addresses can be easily ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon both these Defendants on his behalf. *See Puett*, 912 F.2d at 275. The Court hereby directs the Deputy Attorney General assigned to this case to contact either the Litigation Coordinator at Calipatria State Prison or the CDCR's Legal Affairs Division, if necessary, and provide current addresses within the CDCR's records or possession, and to forward those addresses to the USMS in a confidential memorandum.

## V.    Conclusion and Order

Based on the foregoing, the Court hereby:

1)    **GRANTS** Defendants' Motion to Dismiss [Doc. No. 29] all claims for monetary damages against the State of California pursuant to FED.R.CIV.P. 12(b)(6);

2)    **GRANTS** Defendants' Motion to Dismiss [Doc. No. 29] Plaintiff's Fourteenth Amendment due process claims against Defendant Bell pursuant to FED.R.CIV.P. 12(b)(6);

3)    **DISMISSES** Plaintiff's Fourteenth Amendment due process claims against Defendant Mudra for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2);

4)    **DENIES** Defendants' Motion to Dismiss [Doc. No. 29] Plaintiff's Eighth Amendment claims pursuant to FED.R.CIV.P. 12(b)(6);

5)    **GRANTS** Defendants' Motion to Dismiss [Doc. No. 29] Plaintiff's ADA claims pursuant to FED.R.CIV.P. 12(b)(6);

6)    **GRANTS** Plaintiff sixty (60) days leave to file and serve upon Defendants an Amended Complaint which addresses each deficiency of pleading identified in this Order. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1. Any Defendant not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567

(9th Cir. 1987).

7) **GRANTS** Plaintiff's Motion to Serve Defendants Mudra and Small and **DIRECTS** the Deputy Attorney General assigned to this case to provide the forwarding address for Defendants Mudra and Small to the U.S. Marshal in a *confidential memorandum* indicating that the summons and complaint is to be delivered to that address. The Attorney General shall provide the U.S. Marshal with any such information on or before **October 1, 2010.**

Within thirty (30) days of receipt of any available address from the Attorney General, the Court **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Defendants Mudra and Small. All costs of service shall be advanced by the United States pursuant to the Court's Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3).

**IT IS FURTHER ORDERED** that the Clerk of the Court provide a copy of: (1) the Court's March 30, 2010 Order [Doc. No. 3]; (2) this Order; (3) the Complaint, summons and a blank U.S. Marshal Form 285 to the Attorney General for purposes of re-attempting service as to Mudra and Small.

DATED: September 16, 2010

**IRMA E. GONZALEZ, Chief Judge
United States District Court**